

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00173-CR
_____

MARCELLUS YWAIN ADAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 68,779-B, Honorable John B. Board, Presiding

September 10, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Marcellus Ywain Adams was convicted by a jury of aggravated assault on a family member with a deadly weapon. At trial, he admitted that he shot his girlfriend with a firearm but claimed it was self-defense. The jury found him guilty and assessed punishment of twenty-five years imprisonment. The trial court pronounced sentence, in open court, mirroring the jury's determination.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein she certifies that, after diligently searching the record she concluded that the appeal was without merit. Along with her brief, she filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se*. Appellant was also told of his right to secure a copy of the record should he care to file a *pro se* response. Counsel for appellant drafted for and delivered to his client a document facilitating the acquisition of the appellate record. By letter, this court also notified appellant of his right to file his own brief or response by September 4, 2015, if he wished to do so. Appellant filed a response and asserted therein that he acted in self-defense and that witnesses lied at trial.

In compliance with the principles enunciated in *Anders*, appellate counsel 1) mentioned the effort applied to uncover issue of arguable merit, 2) discussed the law applicable to the crime with which appellant was charged, its application to the circumstances at bar, and the sufficiency of the evidence underlying the jury's verdict, and 3) concluded that no arguable grounds for a meritorious appeal existed.

Regarding appellant's complaint concerning the veracity of those testifying against him, the law dictates that the jury is the sole judge of the credibility of the witnesses and the weight to be assigned their testimony, and we must defer to its decision. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). A reviewing court cannot simply disregard the credibility choices made by the jury, and those choices at bar favored acceptance of the testimony proffered by witnesses contradicting appellant's version of events.

---

[1] *Anders v. Califorina*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

We also conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any reversible error pursuant to *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). We also failed to uncover arguable error.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.